WILLIAM C. WILLIAMSON ET AL. v. BENNETT HASKELL.

*Justice's jurisdiction—Trespass—Obstruction of easements.*

Trespass quare clausum, consisting in allowing logs to accumulate upon the premises of another in consequence of the closing up of a navigable stream, upon which they were floating, is not an action for the obstruction of a public easement within the meaning of Comp. L. § 5250, and is cognizable by a justice of the peace.

Recovery at law cannot be grounded upon a fact not counted upon as a ground of recovery in the declaration.

Error to Huron. (Wixson, J.) April 12.—April 18.

TRESPASS. Plaintiffs bring error. Reversed.

*Winsor & Snover* and *W. T. Mitchell* for appellants. The owner of a fee of a highway may maintain trespass for the use of it for other purposes than passing and repassing: 2 Waterman on Trespass § 698; *Dubuque v. Maloney* 9 Ia. 450; *Babcock v. Lamb* 1 Cow. 238; and a riparian owner is entitled to the beneficial use and enjoyment of all his riparian rights, subject to the public easement: *Lorman v.*

*Benson* 8 Mich. 32 ; and trespass will lie for interference with it: *Ryan v. Brown* 18 Mich. 205 ; *Brig "City of Erie v. Canfield* 27 Mich. 483 ; *Thomas v. Frost* 29 Mich. 339 ; *Attorney-General v. Evart Booming Co.* 34 Mich. 462 ; *Maxwell v. Bay City Bridge Co.* 41 Mich. 466 ; *People's Ice Co. v. Excelsior* 44 Mich. 229 ; the right to float logs down a navigable stream is but a right of passage, and could not give the defendant the right to stop his logs on the land of the plaintiffs, where they had by dams prepared storage room, and there forcibly and persistently keep them against their protest for his convenience : *Grand Rapids Booming Co. v. Jarvis* 30 Mich. 319 ; and so long as the stream is not naturally capable of floatage its bed is private property, not subject to any easement : *Thunder Bay River Booming Co. v. Speechly* 31 Mich. 342 ; *Middleton v. Flat River Booming Co.* 27 Mich. 535 ; one who is sued for trespassing upon the rights of a riparian owner by occupying the stream raises a question of title by claiming that he is not trespassing, but is enjoying a public easement: *Vandoozer v. Dayton* 45 Mich. 249 ; *Roberts v. Highway Com. of Cottrellville* 25 Mich. 28 ; *Parker v. People* 22 Mich. 93 ; *Gregory v. Stanton* 40 Mich. 272 ; *Campau v. Button* 33 Mich. 527 ; a justice of the peace has a right to try the fact of the possession of land : *Ehle v. Quackenboss* 6 Hill 537 ; *Vandoozer v. Dayton* 45 Mich. 249 ; the question whether a river, where it runs through a person's close, is navigable and necessarily a public highway through such close, is a question of title within the meaning of the statute excluding such questions from jurisdiction of justices : *Striker v. Mott* 6 Wend. 465 ; *Saunders v. Wilson* 15 Wend. 338 ; *Whiting v. Dudley* 19 Wend. 373 ; *Randall v. Crandall* 6 Hill 342.

*Engle & Engle* for appellee. Case, and not trespass, lies for the disturbance of an easement : 1 Com. Dig. Tit. Action on the Case, Disturbance, A. ; 7 id. 500 ; a stream may be navigable if valuable for that purpose at regularly recurring seasons, even though it has no capacity for floatage at other seasons: *Moore v. Sanborne* 2 Mich. 519 ; *Morgan v. King* 30

Barb. 9; *Brown v. Chadbourne* 31 Me. 9; *McMamus v. Carmichael* 3 Ia. 1; *Treat v. Lord* 42 Me. 552; *Rhodes v. Otis* 33 Ala. 578; *Stuart v. Clark* 2 Swan 9; *Dalrymple v. Mead* 1 Grant Cas. 197; a temporary obstruction of a navigable stream caused by sorting logs in it is incidental to log-running, and is not against the law: Angell on Highways § 229; *Veazie v. Dwinel* 50 Me. 479; *Gerrish v. Brown* 51 Me. 256; Act 214 of 1875 amending Comp. L. § 5250 by allowing justices to take jurisdiction of actions arising from the obstruction of highways does not apply to a case of the obstruction of a navigable stream : *Fowler v. Hyland* 48 Mich. 179.

COOLEY, J.   This is an action of trespass quare clausum. The charge as set out in the declaration is that defendant broke and entered a certain close of the plaintiffs, " and then and there put, placed and stored, and caused to be put, placed and stored, a large quantity of saw-logs and other timber in the Pinnepog river, where said river runs through, in and upon said close, and thereby and therewith then and there choked and filled up said river, through, in and upon said close, and kept and continued to keep the said saw-logs and other timber so there put, placed and stored, without the leave and license, and against the will, of the said plaintiffs, for a long space of time," etc. The suit was begun in justice's court, and appealed to and tried in the circuit court.   The plaintiffs gave evidence tending to show that they occupied the land in question, and used it for storing saw-logs upon for their own purposes, and that defendant prevented this use by floating down the river a large quantity of his logs, which were run upon the plaintiffs' land, where they remained for a long time, to the inconvenience of the plaintiffs in the use of it. This was the trespass complained of.

The defendant claimed that the Pinnepog river was a public highway, and that he was rightfully using it as such. He also insisted that the gravamen of plaintiffs' complaint was a disturbance of their enjoyment of this public easement; and this being so, the justice's court had no jurisdiction of the case—Comp. L. § 5250—and consequently the

circuit court took no jurisdiction by appeal. The circuit judge took this view, and the case was dismissed.

The judge mistook the case. The complaint was not that the easement was disturbed or obstructed, but that defendant occupied the plaintiffs' land with his logs. This might perhaps have come to pass because of an obstruction of the river; but the action is distinctly for the trespass, and the obstruction, if any was caused, may or may not have a bearing upon it when the facts are developed. It is certain that it could not be the ground for recovery, because it is not made such by the declaration.

The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.